# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
# ELKINS

| | |
|---|---|
| **WILLIAM KIRBY LEWIS,** | |
| Plaintiff, | |
| v. | CIVIL ACTION NO.: 2:17-CV-131 (BAILEY) |
| **NANCY A. BERRYHILL,**<br>**Acting Commissioner of Social Security,** | |
| Defendant. | |

## REPORT AND RECOMMENDATION

### I.   INTRODUCTION

This case arises from Plaintiff William Kirby Lewis's ("Plaintiff") second Title II application for disability and disability insurance benefits ("DIB"). After Plaintiff's second application proceeded through the administrative process, a United States Administrative Law Judge ("the ALJ") concluded that Plaintiff was not disabled within the meaning of the Social Security Act. Although Plaintiff seeks judicial review of the ALJ's decision, Defendant Nancy A. Berryhill ("Defendant" or "the Commissioner") moves to dismiss Plaintiff's Complaint, arguing that this Court lacks subject-matter jurisdiction to review a dismissal for administrative res judicata. Because the Court lacks subject-matter jurisdiction, the undersigned recommends that Defendant's motion to dismiss be granted and Plaintiff's complaint be dismissed with prejudice.

### II.   PROCEDURAL HISTORY

On July 15, 2012, Plaintiff filed his first Title II claim for DIB, alleging that his disability began on October 15, 2011. Declaration of Marie Counsins, ECF No. 9-1 at 3.

Plaintiff's claim was denied initially on April 23, 2013, and there is no evidence to suggest that this decision was appealed. Id.

Two years later, on May 21, 2014 Plaintiff filed a second Title II application for DIB, alleging that his disability began on January 15, 2012, which was later amended to August 3, 2012. Id. This application was denied initially and on reconsideration. Id. After these denials, Plaintiff filed a written request for a hearing before an ALJ. Id. After the hearing, the ALJ issued a decision concluding that Plaintiff was not disabled within the meaning of the Social Security Act. Id.

Although Plaintiff filed a request for review, the Appeals Council sent a Notice of Appeals Council Action informing Plaintiff that it found no reason to reopen the final decision on Plaintiff's first application for DIB, which was issued on April 23, 2013. Id. at 4. In addition, the notice informed Plaintiff that the doctrine of res judicata applied to his second application for DIB because the evidence he submitted was "duplicative, cumulative, or did not relate to the period at issue." Id. Because it found that res judicata applied, it informed Plaintiff that it planned to vacate the ALJ's decision and dismiss his request for a hearing. Id. On October 27, 2017, the Appeals Council issued a Notice of Order doing just that: It vacated the ALJ's order and dismissed Plaintiff's request for a hearing based on res judicata. Id.

On October 30, 2017, Plaintiff filed a Complaint in this Court to obtain judicial review of the Commissioner's final decision pursuant to Section 205(g) of the Social Security Act, as amended, 42 U.S.C. § 405(g) (2015). Compl., ECF No. 1. On February 5, 2018, Defendant filed her Motion to Dismiss Plaintiff's Complaint. Def.'s Mot. to Dismiss Pl.'s Compl., ECF No. 8. Plaintiff filed his response on February 19, 2018,

Mem. in Opp. to Mot. to Dismiss, ECF No. 11,[1] and Defendant filed her reply seven days later, Def.'s Reply to Pl.'s Resp. to Def.'s Mot. to Dismiss Pl.'s Compl., ECF No. 12.

The matter is now before the undersigned United States Magistrate Judge for a Report and Recommendation to the District Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule of Civil Procedure 9.02(a). Having reviewed the parties' motions, the undersigned now issues the following Report and Recommendation.

### III.   DISCUSSION

**A.   Legal Standard**

As courts of limited jurisdiction, it is well established that federal courts must have subject-matter jurisdiction to hear and decide a case on the merits. See Erwin Chemerinsky, Federal Jurisdiction 285 (7th ed. 2016). Federal courts possess "only the jurisdiction authorized them by the United States Constitution and by federal statute." United States ex rel. Vuyyuru v. Jadhav, 555 F.3d 337, 347 (4th Cir. 2009). Pursuant to Federal Rule of Civil Procedure 12(b)(1), a party may move to dismiss a case for lack of subject-matter jurisdiction. "In such cases, the plaintiff has the burden of establishing a factual basis for jurisdiction." Johnson v. W. Va. Div. of Rehab. Servs., No. 3:16-9308, 2017 WL 1395501, at *2 (S.D. W. Va. Apr. 17, 2017) (citing Lujan v. Defs. of Wildlife, 504 U.S. 555, 561 (1992); Richmond, Fredericksburg & Potomac R.R. Co. v. United States, 945 F.2d 765, 768 (4th Cir. 1991)).

---

[1] Plaintiff filed two memorandums in opposition to Defendant's motion to dismiss. See ECF Nos. 10, 11. For the Court's convenience, all references to Plaintiff's memorandum in opposition will refer to ECF No. 11.

**B.     Contentions of the Parties**

In her motion to dismiss, Defendant argues that this Court does not have jurisdiction to review dismissals based on administrative res judicata. See generally Br. in Supp. of the Def.'s Mot. to Dismiss. ECF No 9. In response, Plaintiff argues that the Appeals Council erred by vacating the ALJ's decision and denying his request for review based on re judicata because the ALJ's decision was a de facto reopening of Plaintiff's first application for DIB, and, therefore, the doctrine of res judicata does not apply. ECF No. 11 at 2–4. In reply, Defendant insists that Plaintiff's argument misses the mark because the Appeals Council vacated the ALJ's erroneous decision, giving it "no effect." ECF No. 12 at 2.

The undersigned addressed each argument, in turn, below.

**C.     The Court Lacks Subject-Matter Jurisdiction**

"As a general rule, federal courts lack jurisdiction to review a decision by the [Commissioner] not to reopen a previous claim for benefits." Kasey v. Sullivan, 3 F.3d 75, 78 (4th Cir. 1993) (citing Califano v. Sanders, 430 U.S. 99 (1977)). The United States Court of Appeals for the Fourth Circuit has "recognized, however, an exception to that rule when a claim that otherwise would be barred by res judicata has been, in effect, reconsidered on the merits at the administrative level." Id. (citing McGowen v. Harris, 666 F.2d 60, 65–66 (4th Cir. 1981)). Standing alone, McGowen can be read to suggest that reconsideration of the merits at any level, regardless of any subsequent administrative action, would defacto reopen the previous claim for benefits. See McGowen, 666 F.2d at 65–66. "But a district court has jurisdiction to review only the Secretary's final decision, and when, as here, that is the decision of the Appeals Council, it is to that decision the court must look to determine whether under

4

McGowen's rule it involved an actual reopening of an earlier determination." Hall v. Chater, 52 F.3d 518, 521 (4th Cir. 1995) (citing Johnson v. Sullivan, 936 F.2d 974, 975 n.3, 975–76 (7th Cir. 1991)).[2]

Here, the Commissioner's final decision with respect to Plaintiff's second application for DIB is the October 27, 2017 Order vacating the ALJ's decision on the merits and denying Plaintiff's request for a hearing on the basis of administrative res judicata. Based on that order, it is clear that the Commissioner did not choose to reopen or reconsider Plaintiff's first application for DIB. Instead, the Commissioner plainly chose to deny Plaintiff's second application for DIB on the basis of administrative res judicata. Because the Commissioner did not reopen or reconsider Plaintiff's first application and denied his second application on the basis of res judicata, this Court does not have jurisdiction to review it absent a constitutional objection or claim that res judicata was improperly applied. See McGowen, 666 F.2d at 65 (citations omitted). Here, Plaintiff does neither: He does not raise a constitutional challenge to the Commissioner's application of administrative res judicata, nor does he claim that his second application for DIB is not the same as his first for purposes of res judicata. See generally ECF Nos. 1, 11. Accordingly, this Court lacks subject-matter jurisdiction to review Plaintiff's claim.

---

[2] The Fourth Circuit's decision in Hall appears to rid the possibility of a split with the United States Courts of Appeals for the Fifth, Sixth, and Seventh Circuits, which have dismissed similar cases for lack of jurisdiction. See Harper v. Sec. of Health & Human Servs., 978 F.2d 260 (6th Cir. 1992) (refusing to exercise jurisdiction where the Appeals Council vacated an ALJ's decision that plaintiff was not disabled on the merits and denied plaintiff's request for a hearing based on administrative res judicata); Johnson v. Sullivan, 936 F.2d 974 (7th Cir. 1991) (same); Ellis v. Schweiker, 662 F.2d 419 (5th Cir. 1981) (same).

## IV.     RECOMMENDATION

For the foregoing reasons, I find that this Court lacks subject-matter jurisdiction. Accordingly, I **RECOMMEND** that Defendant's Motion [ECF No. 8] to Dismiss be **GRANTED** and Plaintiff's Complaint [ECF No. 1] be **DISMISSED WITH PREJUDICE**.

Within fourteen (14) days after being served with a copy of this Report and Recommendation, any party may file written objections identifying the portions of the Report and Recommendation to which objections are made and the basis for such objections with the Clerk of the Court. A copy of such objections should also be submitted to the Honorable John Preston Bailey, United States District Judge. Failure to timely file objections to the Report and Recommendation set forth above will result in waiver of the right to appeal from a judgment of this Court based upon such Report and Recommendation. See 28 U.S.C. § 636(b)(1); Wright v. Collins, 766 F.2d 841, 845-48 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91, 94 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984); see also Thomas v. Arn, 474 U.S. 140, 155 (1985).

The Court directs the Clerk of the Court to provide a copy of this Report and Recommendation to all counsel of record, as provided in the Administrative Procedures for Electronic Case Filing in the United States District Court for the Northern District of West Virginia. Further, because this Report and Recommendation completes the referral from the District Court, the Clerk is directed to terminate the Magistrate Judge association with this case.

Respectfully submitted this 12th day of March, 2018.

_____
ROBERT W. TRUMBLE
UNITED STATES MAGISTRATE JUDGE