# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
# ELKINS

**WILLIAM KIRBY LEWIS,**

    Plaintiff,

v.                                                                              Civil Action No. 2:17-CV-131
                                                                              (Judge Bailey)

**NANCY A. BERRYHILL,**
Acting Commissioner of Social Security**,**

    Defendant.

## ORDER ADOPTING REPORT AND RECOMMENDATION

On this day, the above-styled matter came before this Court for consideration of the Report and Recommendation of United States Magistrate Judge Robert W. Trumble [Doc. 13] dated March 12, 2018. Pursuant to 28 U.S.C. § 636(b)(1)(C), this Court is required to make a *de novo* review of those portions of the magistrate judge's findings to which objection is made. However, failure to file objections to the magistrate judge's proposed findings and recommendation permits the District Court to review the recommendation under the standards that the District Court believes are appropriate, and under these circumstances, the parties' right to *de novo* review is waived. See **Webb v. Califano**, 468 F.Supp. 825 (E.D. Cal. 1979). Service was accepted on the date the R&R was filed, March 12, 2018. Plaintiff timely filed his objections on March 26, 2018 [Doc. 15]. Accordingly, this Court will review the portions of the R&R to which objection was made under a *de novo* standard of review; the remaining portions of the R&R have been reviewed for clear error.

1

I.   Factual and Procedural History

On July 15, 2012, plaintiff filed his first Title II claim for Disability Insurance Benefits ("DIB"), alleging that his disability began on October 15, 2011. Plaintiff's claim was denied initially on April 23, 2013, and there is no evidence to suggest that this decision was appealed. Two years later, on March 23, 2014, plaintiff filed a second Title II application for DIB, alleging that his disability began on January 15, 2012, which was later amended to August 3, 2012. This application was denied initially and on reconsideration. After these denials, plaintiff filed a written request for a hearing before an ALJ. After the hearing, the ALJ issued a decision concluding that plaintiff was not disabled within the meaning of the Social Security Act.

Although plaintiff filed a request for review, the Appeals Council sent a Notice of Appeals Council Action informing plaintiff that it found no reason to reopen the final decision on plaintiff's first application for DIB, which was issued on April 23, 2013. In addition, the notice informed plaintiff that the doctrine of *res judicata* applied to his second application for DIB because the evidence he submitted was "duplicative, cumulative, or did not relate to the period at issue." [Doc. 9-1 at 51]. Because it found that *res judicata* applied, it informed plaintiff that it planned to vacate the ALJ's decision and dismiss his request for a hearing. On October 27, 2017, the Appeals Council issued a Notice of Order vacating the ALJ's order and dismissed plaintiff's request for a hearing based on *res judicata*. Id.

On October 30, 2017, the plaintiff filed his Complaint in this Court for judicial review of the Commissioner's final decision pursuant to Section 205(g) of the Social Security Act. Defendant filed her Motion to Dismiss [Doc. 8], arguing that this Court lacks jurisdiction to

review a dismissal based on administrative *res judicata* [Doc. 9]. In response, the plaintiff argued the Appeals Council erred by vacating the ALJ's decision and denying his request for review based on *res judicata* because the ALJ's decision was a *de facto* reopening of plaintiff's first application for DIB; therefore, *res judicata* does not apply [Doc. 11].

In his R&R, the magistrate judge found the Commissioner's final decision with respect to the plaintiff's second application for DIB is the October 27, 2017, Order vacating the ALJ's decision on the merits and denying plaintiff's request for a hearing on the basis of *res judicata*. As such, the magistrate judge found it was clear that the Commissioner did not choose to reopen or reconsider plaintiff's first application for DIB. Rather, the Commissioner chose to deny plaintiff's second application for DIB on the basis of administrative *res judicata*. Accordingly, because the Commissioner did not reopen or reconsider plaintiff's first application and denied his second application on the basis of *res judicata*, this Court lacks jurisdiction to review it absent a constitutional objection or claim that res judicata was improperly applied. *See* **McGowen v. Harris**, 666 F.2d 60, 65 (4th Cir. 1981). Finding neither of the above, the magistrate judge found this Court lacks subject-matter jurisdiction to review plaintiff's claim.

## II. Applicable Law

"As a general rule, federal courts lack jurisdiction to review a decision by the [Commissioner] not to reopen a previous claim for benefits." **Kasey v. Sullivan**, 3 F.3d 75, 78 (4th Cir. 1993) (citing **Califano v. Sanders**, 430 U.S. 99 (1977)). The United States Court of Appeals for the Fourth Circuit has "recognized, however, an exception to that rule when a claim that otherwise would be barred by *res judicata* has been, in effect,

3

reconsidered on the merits at the administrative level." *Id*. (citing **McGowen**, 666 F.2d at 65–66). Standing alone, **McGowen** can be read to suggest that reconsideration of the merits at any level, regardless of any subsequent administrative action, would *de facto* reopen the previous claim for benefits. *See Id*. "But a district court has jurisdiction to review only the Secretary's final decision, and when, as here, that is the decision of the Appeals Council, it is to that decision the court must look to determine whether under **McGowen's** rule it involved an actual reopening of an earlier determination." **Hall v. Chater**, 52 F.3d 518, 521 (4th Cir. 1995) (citing **Johnson v. Sullivan**, 936 F.2d 974, 975 n.3, 975–76 (7th Cir. 1991)).

III.   Discussion

In his Objections [Doc. 15], the plaintiff asserts four assignments of error. First, he argues that the R&R incorrectly states the date for initial Title II application of DIB as May 21, 2014, instead of March 21, 2014. (Id. at 1). Second, plaintiff asserts the magistrate judge erred by not applying the **McGowen** "reopening rule," as discussed below. (Id. at 2). Third, the plaintiff asserts the magistrate judge erred in finding the ALJ's full hearing of the evidence did not constitute a reopening of the first and second applications for Title II benefits. (Id.). Finally, plaintiff objections to the magistrate judge's finding that no new evidence was submitted at the ALJ hearing. (Id. at 3).

First, the plaintiff's argument concerning the date on which the second application was filed in of no consequence. 20 C.F.R. § 404.988 states that "[a] determination, revised determination, decision, or revised decision may be reopened– (a) within 12 months of the date of the notice of the initial determination for any reason." In this case, there existed

4

no reason to reopen the decision or determination because, as the magistrate judge points out, *res judicata* applied to the plaintiff's second application for DIB [Doc. 13 at 2]. Accordingly, plaintiff's first objection is **OVERRULED**.

Second, plaintiff asserts the magistrate judge erred by not applying the ***McGowen*** "reopening rule." As explained above, the magistrate judge found the Commissioner's final decision with respect to the plaintiff's second application for DIB is the October 27, 2017, Order vacating the ALJ's decision on the merits and denying plaintiff's request for a hearing on the basis of *res judicata*. As such, the magistrate judge found it was clear that the Commissioner did not choose to reopen or reconsider plaintiff's first application for DIB. Rather, the Commissioner chose to deny plaintiff's second application for DIB on the basis of administrative *res judicata*. Accordingly, because the Commissioner did not reopen or reconsider plaintiff's first application and denied his second application on the basis of *res judicata*, this Court lacks jurisdiction to review it absent a constitutional objection or claim that *res judicata* was improperly applied. See ***McGowen***, 666 F.2d at 65. Finding neither of the above, the magistrate judge correctly found this Court lacks subject-matter jurisdiction to review plaintiff's claim. Accordingly, this objection is **OVERRULED**.

Third, the plaintiff asserts the magistrate judge erred in finding the ALJ's full hearing of the evidence did not constitute a reopening of the first and second applications for Title II benefits. Defendant correctly responds that the plaintiff argues for the first time in his objection that his second claim was not the same as his first for the purposes of *res judicata* because there was new and material evidence submitted for the period in question. Because the plaintiff has attempted to assert this new issue in his objection, this Court

**OVERRULES** the same. See **Samples v. Ballard**, 860 F.3d 266, 273 (4th Cir. 2017).

In his Fourth, and final objection, plaintiff argues the magistrate judge's finding that no new evidence was submitted at the ALJ hearing was in error. Here, the Appeals Council sent a Notice of Appeals Council Action informing plaintiff that it found no reason to reopen the final decision on plaintiff's first application for DIB, which was issued on April 23, 2013. In addition, the notice informed plaintiff that the doctrine of *res judicata* applied to his second application for DIB because the evidence he submitted was "duplicative, cumulative, or did not relate to the period at issue." [Doc. 9-1 at 51]. Because it found that *res judicata* applied, it informed plaintiff that it planned to vacate the ALJ's decision and dismiss his request for a hearing. On October 27, 2017, the Appeals Council issued a Notice of Order vacating the ALJ's order and dismissed plaintiff's request for a hearing based on *res judicata*. Id. Accordingly, the final objection is **OVERRULED**.

IV. Conclusion

Upon review of the above, it is the opinion of this Court that the Report and Recommendation **[Doc. 13]** should be, and is, hereby **ORDERED ADOPTED** for the reasons more fully stated therein. Accordingly, the Defendant's Motion to Dismiss Plaintiff's Complaint **[Doc. 8]** is **GRANTED**, Plaintiff's Complaint **[Doc. 1]** is **DISMISSED WITH PREJUDICE**, this matter is hereby **ORDERED STRICKEN** from the active docket of this Court.

It is so **ORDERED**.

The Clerk is directed to transmit copies of this Order to all counsel of record.

**DATED**: April 9, 2018.

/s/ John Preston Bailey
JOHN PRESTON BAILEY
UNITED STATES DISTRICT JUDGE